**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

─────────────────────────────────

**VINCENT J. KALOTA,**

                              **Plaintiff,**                    **17-CV-0241Sr**

**v.**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

                              **Defendant.**

─────────────────────────────────

### DECISION AND ORDER

          As set forth In the Standing Order of the Court regarding Social Security

Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have

consented to the assignment of this case to the undersigned to conduct all

proceedings, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g).

Dkt. #13.


          Plaintiff filed an application for disability insurance benefits with the Social

Security Administration ("SSA"), alleging disability beginning October 1, 2014, at age

39, due to degenerative disc disease and herniations at L4, L5 and L5S1. Dkt. 5, p.166.

A hearing was held before Administrative Law Judge Bryce Baird on June 21, 2016, at

which plaintiff and an impartial vocational expert, Sandra Smith-Cordingly, appeared

and testified. Dkt. #5, pp.34-58. Plaintiff was represented by counsel. The ALJ rendered

a determination that plaintiff was not disabled on September 14, 2016. Dkt. #5, pp.21-

30. The Appeals Council denied plaintiff's request for review on January 19, 2017. Dkt. #5, p.4. On March 2, 2017, plaintiff commenced this action seeking review of the Commissioner of Social Security's ("Commissioner's"), final decision. Dkt. #1. Currently before the Court is plaintiff's motion for judgment on the pleadings (Dkt. #6), and defendant's motion for judgment on the pleadings. Dkt. #9.

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

To be disabled under the Social Security Act ("Act"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505(a). The Commissioner must follow a five-step

sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a). At step one, the claimant must demonstrate that he is not engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). At step two, the claimant must demonstrate that he has a severe impairment or combination of impairments that limits the claimant's ability to perform physical or mental work-related activities. 20 C.F.R. § 404.1520(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has sufficient residual functional capacity ("RFC"), for the claimant to return to past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate that the claimant could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education and work experience. 20 C.F.R. § 404.1520(g).

In the instant case, the ALJ made the following findings with regard to the five-step sequential evaluation: (1) plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 1, 2014; (2) plaintiff's degenerative disc disease of the lumbar spine with radiculopathy, status post-laminectomy constituted a severe impairment; (3) plaintiff's impairment did not meet or equal any listed impairment; (4) plaintiff retained the capacity to perform sedentary work with additional limitations of lifting nor more than 10 pounds occasionally and 5 pounds frequently;

standing or walking no more than 2 hours in an 8 hour day; being able to sit for 30 minutes after standing or walking 15 minutes; being able to change position while sitting at will; only occasionally climbing ramps and stairs, balancing, stooping, kneeling and crouching; no climbing of ladders, ropes or scaffolds; no crawling; no use of foot controls with his left foot; and no exposure to excessive vibration, unprotected heights or moving machinery, but could not perform his past relevant work as an aircraft mechanic; and (5) plaintiff could work as callout operator, telephone clerk or document preparer and was not, therefore, disabled within the meaning of the SSA. Dkt. #5, pp.23-27.

Plaintiff argues that the ALJ failed to explain the weight afforded to the Department of Veterans Affairs ("VA's") medical opinion regarding plaintiff's capacity to work. Dkt. #6-1, p.11. Plaintiff  argues that the ALJ failed to address the fact that plaintiff was not only rated 70% disabled by the VA; he was also awarded individual unemployability benefits. Dkt. #6-1, p.15. Plaintiff also argues that the record does not support the ALJ's determination that plaintiff could sit without limitation. Dkt. #6-1, pp.14 &16. Plaintiff emphasizes his own testimony that he could not sit for more than 30 minutes at a time and the absence of medical evidence on this point. Dkt. #6-1, p.17.

The Commissioner argues that the VA doctor's recitation of plaintiff's report of his symptoms and limitations do not constitute medical opinion and that there is no medical opinion in the record setting limitations on plaintiff's ability to sit for any period of time. Dkt. #9-1, p.15. The Commissioner also argues that the VA's inclusion of an individual unemployability adjustment in plaintiff's disability benefits is not dispositive

for purposes of disability under the SSA. Dkt. #9-1, pp.18-19. Finally, the Commissioner argues that the ALJ's determination of plaintiff's RFC and, specifically, the ALJ's determination that plaintiff could sit without limitation is legally proper and supported by substantial evidence in the record. Dkt. #9-1, pp.19-23.

"Under the VA benefits framework for service-connected disability, a veteran may be entitled to 100% coverage even if a veteran's disabilities do not qualify for a 100% rating under the rating schedule." *Lawler v. Astrue*, No. 10-CV-3397, 2011 WL 5825781, at *3 n.5 (E.D.N.Y. Nov. 4, 2011). Where a veteran has two or more service connected disabilities and at least one of the disabilities is rated 40% or higher and the combined disability rating is 70% or higher, and the VA finds that the veteran is unable to secure or follow a substantially gainful occupation as a result of the veteran's service-connected disabilities, the VA may award the veteran individual unemployability benefits to bridge the gap between the actual disability rating and 100% of available coverage. *Id.*

Effective March 17, 2015, the VA determined that plaintiff "is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities" and awarded plaintiff individual unemployability benefits. Dkt. #5, p.691. The service-connected disabilities include 40% rating for radiculopathy on the lower left extremity; 20% rating for radiculopathy on the lower right extremity and 20% rating for his status post L5-S1 discectomy with lumbar disc disease. Dkt. #5, pp.691-92. In his decision, the ALJ also acknowledged the VA's determination that plaintiff had a 70%

service connected disability, but afforded it little weight given the significant difference in standards between VA disability determinations and SSA disability determinations. Dkt. #5, p.28. The ALJ did not address the VA's award of individual unemployability benefits.

The VA's decision that plaintiff was entitled to individual unemployability benefits "is not binding on the Social Security Administration," but "is entitled to some weight and should be considered." *Atwater v. Astrue*, 512 Fed. App'x 67, 70 (2d Cir. 2013), *quoting Hankerson v. Harris*, 636 F.2d 893, 897 (2d Cir. 1980). In *Atwater*, the ALJ considered that the VA had determined that plaintiff was unemployable, but determined that the VA reached this conclusion based upon the plaintiff's inability to lift more than 10 pounds, a restriction which the ALJ incorporated into his determination that plaintiff could perform sedentary work. *Atwater v. Astrue*, No. 10-CV-420, 2012 WL 28265, at *5 (W.D.N.Y. Jan. 5, 2012). As a result, the ALJ's determination in *Atwater* was affirmed.

In *Lawler*, in contrast, the ALJ acknowledged the veteran's 70% disability rating for PTSD, but failed to acknowledge the VA's determination that plaintiff was entitled to 100% disability benefits due to individual unemployability. *Lawler*, 2011 WL 5825781, at *8. Given the similarity between the VA's determination that the veteran was "unable to secure or follow a substantially gainful occupation" and the ALJ's assessment as to whether plaintiff was capable of engaging in "substantial gainful activity," the matter was remanded for the ALJ to acknowledge and properly weigh the VA's determination of individual unemployability. *Id.* As the ALJ in this case also failed

to address the VA's determination of individual unemployability, the matter must be remanded.

## **CONCLUSION**

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Dkt. #6), is **GRANTED**; the Commissioner's motion for judgment on the pleadings (Dkt. #9), is **DENIED;** and this case is **REMANDED** to the ALJ for further administrative proceedings consistent with this Decision and Order**.**

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**DATED:**    **Buffalo, New York**
           **October 10, 2018**

                      **s/ H. Kenneth Schroeder, Jr.**
                    **H. KENNETH SCHROEDER, JR.**
                    **United States Magistrate Judge**